Otis L. LEE, Plaintiff,

v.

The ALBEMARLE COUNTY SCHOOL
BOARD, et al., Defendants.

Civ. A. No. 84–0038–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Oct. 29, 1986.

J. Benjamin Dick, Charlottesville, Va., for plaintiff.

Wharton, Aldhizer & Weaver, Harrisonburg, Va., James M. Bowling, IV, St. John, Bowling, Payne & Lawrence, Charlottesville, Va., for defendants.

J. Randolph Parker, Charlottesville, Va., for Gutierrez.

Janet K. Reese, Preiser & Wilson, Charlottesville, Va., for Julie Young—subpoena.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Following his dismissal from his post as administrative assistant to the superintendent of the Albemarle County public schools, plaintiff filed this action under 42 U.S.C. §§ 1981 and 1983, alleging violations of his rights to due process of law and equal protection of the laws. He also charged certain defendants with conspiring to deprive him of his civil rights. This matter is now before the court on defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have submitted materials outside the pleadings to support their positions, and having accepted and considered this material, the court must convert the motion to dismiss into a summary judgment motion. Accordingly, the court has analyzed the case to determine whether there is any genuine

issue of material fact outstanding. Finding none, the court grants summary judgment in favor of the defendants.

## I. *Background*

The plaintiff, Otis Lee, is a black man who was employed by the Albemarle County School Board from 1960 until his dismissal on June 29, 1983. Mr. Lee worked first as a teacher, then as a principal, and finally in 1981 was appointed administrative assistant to the superintendent of schools. In this position he served as chairman of the Minority Task Force, which was responsible for recruiting minority applicants for teaching positions in the Albemarle County public schools. In addition to his job with the school board, Mr. Lee owned and managed several rental properties in the city of Charlottesville.

On September 22, 1982, a story appeared in the Charlottesville *Daily Progress* reporting that Harriette L. Scott, a newly hired black teacher, had felt pressured to rent an apartment from Mr. Lee, fearing that she would jeopardize her job if she refused to rent the apartment. Shortly afterward, Mr. Lee was suspended from his position by Superintendent Gutierrez pending an investigation into allegations that Lee had intertwined his private business affairs with his public duties for private gain; that he had used public facilities, including secretarial time and a county vehicle, for private gain; that he had conducted his private business affairs on school time; that he had improperly carried out his duties as chairman of the Minority Task Force; and that he had misrepresented the authority of his office. Based on these charges and an additional charge of lying, Superintendent Gutierrez recommended in October 1982 that the school board dismiss Lee. Lee elected a hearing before a fact-finding panel under Virginia Code § 22.1–310. The panel was selected pursuant to Virginia Code § 22.1–312 and held four days of hearings during January and February of 1983. Following the hearings, the fact-finding panel made the following findings of fact and recommendations:

Based on the evidence when considered as a whole, a majority of the panel finds as a fact that:

While the Minority Task Force was generally successful, Otis Lee exercised independent judgment as chairman of the Minority Task Force which was inconsistent with the proper functioning of the task force and its goals.

Based on the evidence when considered as a whole, the panel unanimously finds as facts that:

1. Otis Lee conducted personal business on a regular basis during the course of his employment as Administrative Assistant to the Superintendent of the Albemarle County School Division which constituted a conflict with his official duties.

2. The personal business activities which were conducted during working hours occurred over a period of time, were not concealed by Otis Lee, were to a greater or lesser degree known to officials in the Albemarle County School Division and were not specifically addressed as they occurred.

. . . . .

A majority of the panel finds that these actions are grounds for dismissal under the law. The remaining member of the panel feels that certain of Mr. Lee's actions were improper but not sufficient to warrant dismissal and since the actions developed and occurred over a period of time, were to a greater or lesser degree known to officials in the Albemarle County School Division and were not specifically addressed as they occurred, recommends that Otis Lee be suspended for 90 days without pay and that during these 90 days Otis Lee effectuate his retirement.

On June 28, 1983, the Albemarle County School Board passed the following motion by a vote of six to zero:

Having read the complete transcript of the fact-finding hearing in the Otis L. Lee grievance procedure, and having considered the recommendations of the fact-finding panel, the board has determined:

—That Mr. Lee did intermix his private business affairs and his public responsibilities to the serious detriment of the school system, and

—That Mr. Lee did improperly hire and place at least one teacher in his position as Chairman of the Special Task Force for Minority Hiring which greatly endangered the success of that program.

The board accepts the recommendation of the majority of the fact-finding panel and does hereby dismiss Mr. Lee.

On June 11, 1984, Mr. Lee filed this suit under 42 U.S.C. §§ 1981 and 1983. By order entered by this court on January 11, 1985, the plaintiff was given leave to file an amended complaint. The amended complaint was filed on February 28, 1985, and the defendants filed a motion to dismiss. Prior to the court's ruling on the motion to dismiss, plaintiff sought once again to amend his complaint. By order entered by this court on July 23, 1985, the plaintiff was given leave to file a second amended complaint. The defendants again filed a motion to dismiss, which is now before the court as a motion for summary judgment.

Plaintiff names as defendants the Albemarle County School Board and seven of its members individually, the fact-finding panel and all three of its members individually, Superintendent Gutierrez, and school board employees Lewis, Gaines, and Scott. He alleges that the fact-finding panel and the school board deprived him of his constitutional right to due process and equal protection of the law. Plaintiff also alleges that Superintendent Gutierrez, Board member Feggans, Lewis, Gaines, and Scott conspired to deprive him of his civil rights. In addition, he asks the court to take jurisdiction over his pending claims of defamation and tortious interference with contract. Plaintiff seeks a variety of declaratory and injunctive remedies as well as damages.

## II. Findings of Fact and Conclusions of Law

### A. Good Faith Immunity

The court notes at the outset that the members of the school board and the fact-finding panel enjoy limited good-faith immunity. In performing discretionary functions, these defendants are generally shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). For the plaintiff to recover damages, therefore, there must be both a finding of a constitutional violation and a finding that the official's decision was objectively unreasonable. An inquiry into the reasonableness of the official's conduct is unnecessary in this case, however, for the plaintiff has failed to establish a constitutional violation.

### B. Procedural Due Process Claims

Plaintiff was represented before the fact-finding panel by two attorneys, and he freely exercised his right to examine witnesses presented by the school board and to call witnesses of his own. Nevertheless, the plaintiff alleges procedural due process violations in two areas. First, he claims that after the fact-finding panel had made its recommendations, the school board held an additional hearing about his dismissal without giving him notice and an opportunity to appear as required by Virginia Code § 22.1–313(D). Second, he charges that both the fact-finding panel and the school board were biased against him by the actions of defendants Feggans, Gaines, Scott, Gutierrez, and Lewis.

In alleging that the school board failed to follow the procedure mandated by law, plaintiff misinterprets the applicable sections of the Virginia Code. Under Code § 22.1–310(B), either the grievant or the school board may elect a hearing by a factfinding panel prior to a decision by the board. If the grievant elects such a hearing, as the plaintiff did in this case, Code § 22.1–310(C) specifies that he has no right to a further hearing by the school board. If the school board decides to hold a fur-

ther hearing, however, it must notify the grievant in writing under Code § 22.1–313(D). It is this section which plaintiff claims was violated by the school board.

■■■ Clearly, the notice requirement of § 22.1–313(D) would be triggered only if the school board were to hear evidence beyond the transcript, findings, and recommendations of the fact-finding panel. A contrary interpretation would grant the grievant an automatic second hearing, which Code § 22.1–310(C) specifically forbids. In the present case, the evidence indicates that the school board considered only the transcript, findings, and recommendations of the fact-finding panel at its meeting on June 28, 1982. This meeting of the school board to consider and act upon the recommendations of the fact-finding panel was not in itself a further hearing under the statute. Therefore, plaintiff was not entitled to notice of this meeting and the lack of notice did not violate his due process rights.

■■■ On plaintiff's charges that both the fact-finding panel and the school board were biased, the court finds no genuine issue of material fact remaining. Panel members Landin and Garrison, who constituted a majority of the panel,[1] have submitted affidavits swearing that they were not influenced or pressured by any person and that they considered only the evidence presented to the panel in making their recommendation to dismiss the plaintiff. Likewise, school board members Sutton, Tolbert, Strong, and Haden[2] have all submitted affidavits swearing that the newspaper articles did not affect their decision to dismiss Lee, that they based their decision solely on the recommendation of the fact-

finding panel and the transcript of the panel hearings, and that they did not discuss the merits of the case with any person prior to the deliberation of the school board on June 28, 1983. Based on the evidence in the record, the court rules that neither the fact-finding panel nor the school board was biased or improperly influenced. The court therefore awards summary judgment to the defendants on these issues.

## C. *Substantive Due Process Claims*

Plaintiff alleges two substantive due process violations. First, he alleges that the evidence did not support the findings made by the fact-finding panel concerning plaintiff's conduct of his personal business and his performance as Chairman of the Minority Task Force, *supra.* Second, plaintiff alleges that the grounds cited by the school board, *supra,* do not constitute just cause under the law for his dismissal, which was recommended by a majority of the fact-finding panel and executed by a 6 to 0 vote of the school board.

In reviewing decisions of this kind, this court "may not usurp the discretionary power of the school board but must judge the constitutionality of its action on the basis of the facts which were before the Board and on its logic." *Johnson v. Branch,* 364 F.2d 177, 181 (4th Cir.1966). Moreover, this limited review should be exercised by the court on a motion for summary judgment. As the court noted in *Gwathmey v. Atkinson,* 447 F.Supp. 1113, 1117 (E.D.Va.1976):

If plaintiff were entitled to a trial *de novo,* then of course there would be unresolved issues of fact remaining. But he is not so entitled. If this court

---

**1.** The remaining panel member, Mrs. May, was chosen by the plaintiff himself under Code § 22.1–312(A). Mrs. May concurred with the other panel members in finding that Lee's conduct of his personal business constituted a conflict with his official duties, but she disagreed with the finding concerning Lee's actions as chairman of the Minority Task Force. She also differed with the majority's recommendation of dismissal, recommending instead that the school board suspend Lee without pay so that he could effectuate his retirement. Va. Code § 22.1–312(F) states, "The facts found and recommendations made by the panel shall be arrived at by majority vote of the panel members."

**2.** The vote to dismiss the plaintiff was 6 to 0, with defendants Sutton, Tolbert, Strong, and Haden supplying a majority of the votes. Under Code § 22.1–313(C), an employee may be dismissed by a majority of a quorum of the school board.

were required to look beyond the purported reasons for the School Board's action, then again, perhaps, there would be issues of fact remaining. But neither is this required of us under the scrutiny appropriate herein.

Indeed, under the rule of *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), all the plaintiff has standing to ask of the court here is to determine whether there was evidence before the school board supporting its decision.

■ In this case, a review of the administrative record refutes the plaintiff's allegation that the findings and recommendations of the fact-finding panel were not supported by evidence. In four days of hearings, the panel heard testimony from 24 witnesses and received 50 exhibits. This body of evidence provided ample support for the findings and recommendation of the panel. Indeed, the record clearly establishes that Mr. Lee regularly conducted his personal business on county time, that he mixed his private business affairs with his public duties, and that he made some improper hiring decisions as chairman of the Minority Task Force.

Plaintiff's allegation that the school board dismissed him without sufficient cause likewise fails. Virginia Code § 22.1–307 provides school boards with broad discretion in dismissing employees:

> Teachers may be dismissed or placed on probation for incompetency, immorality, noncompliance with school laws and regulations, disability as shown by competent medical evidence, conviction of a felony or a crime of moral turpitude, *or other good and just cause.*

(Emphasis added).

■ In dismissing the plaintiff on the grounds that he "intermix[ed] his private business affairs and his public responsibilities to the serious detriment of the school system, and ... improperly hire[d] and place[d] at least one teacher in his position as Chairman of the Special Task Force for Minority Hiring which greatly endangered the success of that program," the school board acted well within the limits of its discretion and had ample evidentiary support for its action.

### D. *Racial Discrimination Claim*

■ In his second amended complaint, plaintiff added an allegation of racial discrimination. Claims of racial discrimination brought pursuant to 42 U.S.C. §§ 1981 and 1983 require proof of intentional discrimination. *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *General Building Contractors Ass'n v. Penn.,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). In this case, the plaintiff has offered no specific facts demonstrating discriminatory intent, alleging only that he was treated differently from white employees, that he was replaced by a white employee, and that he was dismissed solely because of his race. If this matter were before the court upon a simple motion to dismiss, the appropriate course of action would be to dismiss this count without prejudice. Here, however, the motion has been converted to a motion for summary judgment, and the defendants have offered to the court affidavits from a majority of the school board, swearing that they based their decision to dismiss the plaintiff solely upon the record, findings and recommendations produced by the fact finding panel. Likewise, the defendants have submitted affidavits from a majority of the fact finding panel, swearing that they based their findings and recommendations solely upon the evidence presented to the panel. As noted earlier, this record provided an ample basis for dismissing the plaintiff, and this basis was a non-discriminatory one. In contrast to the defendants, the plaintiff has offered no materials to support his bare allegation of racial discrimination. The court therefore finds no genuine issue of material fact remains with respect to the issue of racial discrimination, and awards summary judgment to the defendants on this issue.

### E. *§ 1985 Claim and Pendent Claims*

In addition to his § 1981 and § 1983 claims, plaintiff alleges that defendants

Feggans, Gaines, Scott, Gutierrez, and Lewis, jointly and severally performed acts and made statements which were maliciously or intentionally calculated to influence adversely the public, the fact-finding panel, and the school board. Plaintiff specifically charges that defendants Feggans, Gaines, and Scott were responsible for the story in the September 22, 1982, edition of the *Daily Progress* which reported that Scott had felt pressured to rent a substandard apartment from the plaintiff because of his role in hiring her; that defendant Gutierrez made prejudicial statements to the press and that he improperly influenced one or more of the members of the fact-finding panel; and that defendant Lewis falsely testified about the plaintiff's hiring of W.T. Holmes. Plaintiff's memorandum in response to the motion to dismiss characterizes this portion of the complaint as a § 1985(3) claim. Although § 1985 is mentioned nowhere in the complaint, the court will accept this characterization and treat the allegations accordingly.

It is now well established that § 1985(3) applies only to racial or other class-based invidious discrimination. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983), *reh'g denied*, 464 U.S. 875, 104 S.Ct. 211, 78 L.Ed.2d 186 (1983). Here, however, the plaintiff has failed to allege any racial or other class-based discrimination on the part of defendants Feggans, Gaines, Scott, Gutierrez, and Lewis, four of whom, like the plaintiff, are black. In fact, the only allegation of racial discrimination in the complaint is plaintiff's claim that he was dismissed from his position solely because of his race, which would be a violation of Title VII. Even if this employment discrimination claim were to embrace all five of the purported conspirators,[3] it would still provide no basis for a § 1985 claim, for

the Supreme Court has held that § 1985(3) may not be invoked to redress violations of Title VII. *Great American Federal Savings & Loan v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Because plaintiff has failed to allege any racial discrimination outside of a Title VII violation, and has failed to offer any evidence of racial discrimination on the part of defendants Feggans, Scott, Gaines, Gutierrez and Lewis, the court will award summary judgment to the defendants on this issue.

With respect to the pendent claims of defamation and tortious interference with contract which formed the substance of the conspiracy claim, defendants have properly supported their motion for summary judgment with affidavits. In response, plaintiff has failed to set forth specific facts that show a genuine issue exists. Rule 56(e) of the Federal Rules of Civil Procedure states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Because plaintiff has failed to make the required showing, the court will award summary judgment on the pendent claims to the defendants.

The court having awarded summary judgment on all claims to the defendants, the case will be dismissed and stricken from the docket. An appropriate Order shall this day issue.

---

**3.** Only superintendent Gutierrez and board member Feggans might be reached by such a claim. Defendants Scott, Gaines and Lewis had

no hiring or firing authority over the plaintiff's position.