**Viola M. JOHNSON, Plaintiff,**

v.

**QUIN RIVERS AGENCY FOR COMMUNITY ACTION, INC., et al., Defendants.**

**No. CIV. A. 3:00CV330.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 17, 2001.

Bernice Stafford Turner, Chesterfield, VA, for Viola M. Johnson, plaintiff.

Herbert Fried, Jr., Richmond, VA, Mark Baron, Richmond, VA, Laura Graham Fox, LeClair Ryan, Richmond, VA, Charles Garrison Meyer, III, LeClair, Ryan, P.C., Richmond, VA, for Quin Rivers Agency for Community Action, Inc., Quin Rivers Executive Bd. of Directors, Michelle E. Greenidge-Moore, Mary V. Ware, defendants.

Margaret Alice Browne, Office of the Attorney General, Richmond, VA, Mark Baron, Richmond, VA, for Commonwealth of Virginia Head Start Programs Health and Human Services, Defendant.

Joan E. Evans, U.S. Attorney's Office, Richmond, VA, James C. Newman, Dept. of Health & Human Services, Office of General Counsel, Philadelphia, PA, for United States Office of Human Development Services Department of Health and Human Services Head Start Programs Head Start Branch Chief, defendant.

### MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the defendants' motion for judgment on the pleadings and motion to dismiss. The remaining defendants in this action are the following: Quin Rivers Agency for Community Action, Inc., ("Quin Rivers"), Quin Rivers Executive Board of Directors, ("Board of Directors"), Quin Rivers Head Start Program ("Head Start Program"), Mary V. Ware ("Ms.Ware"), Michelle E. Greenidge ("Ms.Greenidge"), and Quin Rivers Agency for Community Action, Inc. Head Start Policy Council ("Policy Council"). These defendants have filed a 12(c) motion for judgment on the pleadings. FED. R. CIV. P. 12(c).[1] In addition, the

---

1. Contrary to plaintiff's belief, a 12(c) motion is not the same as a motion for summary

Head Start Branch Chief of the United States Department of Health and Human Services ("HHS") has been named as a defendant. HHS has filed a motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b).

## I. Background

Quin Rivers is a private, non-profit organization that operates a Head Start program. Ms. Ware is an employee and Executive Director of Quin Rivers. Ms. Greenidge is also an employee of Quin Rivers and serves as the Director of the Head Start Program. The Policy Council is a voluntary advisory board to the Quin Rivers Board of Directors. The Policy Council is comprised of parents whose children participate in the Head Start program. The council provides parental input and advice to the Board of Directors regarding the operation of the program.

Plaintiff, Viola M. Johnson, filed a Charge of Discrimination with the EEOC on December 18, 1999. Plaintiff complained in her EEOC charge that Quin Rivers discriminated against her based on her race and her age. She also contended that she was "retaliated against for complaining of discrimination." The EEOC subsequently dismissed plaintiff's charge and, on February 25, 2000, gave plaintiff notice of her right to sue.

Plaintiff filed her original Complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, on May 25, 2000. Without obtaining leave of Court, she then filed an Amended Complaint on July 13, 2000, and a Second Amended Complaint on September 21, 2000.[2]

In her Second Amended Complaint, plaintiff raises discrimination claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981. In addition, plaintiff asserts that enforcement of federal regulations concerning the Quin Rivers Head Start Program was lax. Plaintiff also raises claims under state law, including intentional infliction of emotional distress, negligent hiring and negligent supervision, and breach of contract. Since plaintiff does not specify against which defendants each cause of action lies, the Court has done its best to decipher plaintiff's claims.

## II. Legal Analysis

### A. Title VII and ADEA Claims

Plaintiff's Title VII and the ADEA claims against the Board of Directors, the Head Start Program, Ms. Ware, Ms. Greenidge, the Policy Council, and the HHS, are dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and (c) for failure to state a claim upon which relief can be granted. Only employers are liable for illegal acts of employment discrimination against employees under Title VII and the ADEA. *See Lissau v. Southern Food Service, Inc.,* 159 F.3d 177, 180–81 (4th Cir. 1998). Individual supervisors have no personal liability under Title VII or the ADEA because they are not "employers" within the meaning of either statute. *See Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.1994). In her Second Amended Complaint, plaintiff clearly identifies her "employer" as "Quin Rivers Agency for Community Action, Inc." *See* Sec. Am. Compl. at ¶ 35. Plaintiff does not allege that any other defendant was her employer. As such, plaintiff's Title VII and ADEA claims against all defendants other than Quin Rivers are dismissed with prejudice.

With respect to plaintiff's remaining Title VII and ADEA claims against

---

judgment. On a motion for judgment on the pleadings, the Court is concerned only with the sufficiency of the pleadings, and the Court does not consider evidentiary matters outside of the pleadings.

2. While plaintiff's First and Second Amended Complaints were not filed by leave of Court, the Court, *sua sponte,* grants plaintiff an extension of time *nunc pro tunc* as of the date the First and Second Amended Complaints were filed.

Quin Rivers, the Court dismisses plaintiff's claim of discrimination based on gender. Claims set forth in a Title VII complaint "are cognizable so long as they are like or reasonably related to the allegations of the [EEOC] charge and grow out of such allegations." *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 752 (E.D.Va.1991) (citation omitted). To allow a complaint to encompass allegations outside of the ambit of the EEOC charge deprives the charged party of the notice of the charges, which is one of the reasons why plaintiffs must exhaust their remedies by filing a timely charge with the EEOC. In determining the valid scope of a civil action, the critical element is the narrative statement in the charge. *Id.* at 752. Where a plaintiff's subsequent action complains of a type of discrimination never mentioned in the charge, jurisdiction over the claim does not exist. *Id.* at 744. Plaintiff's EEOC charge made no mention of discrimination based on gender, but alleged only that she was discriminated against based on her race and age. She also contended that she was retaliated against because she complained of discrimination. As such, plaintiff's claims of gender discrimination by Quin Rivers are dismissed with prejudice.

**B. Violation of Federal Regulations Governing the Head Start Program**

Next, plaintiff appears to assert numerous claims for defendants' alleged mismanagement of the Head Start program, in violation of federal regulations. The Court dismisses these claims against all defendants pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, because there is no private right of action by which plaintiff may bring these claims. Where a statute does not expressly create a private right of action, one may not be implied absent congressional intent. *Karahalios v. National Federation of Federal Employees*, 489 U.S. 527, 532–33, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989) (citations omitted). The "ultimate issue is whether Congress intended to create a private

cause of action." *California v. Sierra Club*, 451 U.S. 287, 293, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981). A corollary rule is that where the statute provides a specific remedy, a court must be particularly reluctant to provide additional remedies. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). In such cases, "[i]n the absence of strong indicia of a contrary congressional intent, [the court must] conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 15, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981).

In this case, the applicable statutory scheme is set forth pursuant to the Head Start Act, 42 U.S.C. §§ 9831–9852a. Under the scheme, the Secretary of the Department of Health and Human Services is directed to "establish by regulation standards applicable to Head Start agencies, programs, and projects under this subchapter," including "minimum levels of overall accomplishment that a Head Start agency shall achieve." 42 U.S.C. § 9836a(a)(1) & (2). The Secretary is also directed under this section to monitor the performance of every Head Start program and to take appropriate corrective action when a program fails to meet the performance standards established by the regulations. Specifically, the Act requires a full review of each grantee at least once during each three-year period, review of new grantees after the completion of the first year, follow up reviews and return visits to grantees that fail to meet the standards, and "other reviews as appropriate." 42 U.S.C. § 9836a(c). If the Secretary determines, on the basis of such a review, that a grantee fails to meet the standards described in § 9836a(a), the Secretary shall, *inter alia*, institute proceedings to terminate the Head Start grant unless the agency corrects the deficiency. 42 U.S.C. § 9836a(d).

All but three of the regulations cited in plaintiff's Second Amended Complaint were promulgated pursuant to the Head Start Act. *See* 45 C.F.R. § 1304.1. There is no provision in the Head Start Act, however, permitting a private citizen to enforce its provisions. Based on the alternative specific remedies mentioned above, Congress' intent is clear. The remedy for substandard performance by a Head Start program is an enforcement action by the Secretary of the Department of Health and Human Services, not by private litigants. For these reasons, the Court dismisses with prejudice plaintiff's claims alleging violations of statutory and regulatory provisions relating to the Head Start Act, for failure to state a claim upon which relief can be granted.

In addition, in paragraph 236 of the Second Amended Complaint, plaintiff seeks relief for the alleged violation of three regulations, 45 C.F.R. §§ 74.21, 74.52, and 74.26, that pertain to the award of grants under the Head Start Act. These claims are dismissed with prejudice because the regulations allegedly violated likewise have their own enforcement provisions that delegate enforcement to the Health and Human Services awarding agency. 45 C.F.R. § 74.62. Here too, there is no private right of action, express or implied, with respect to violations of these regulations.

## C. Claims Against the United States Generally

 Even if plaintiff had a cause of action to sue HHS for lax enforcement of federal regulations, her claim, as well as any other claims against HHS, would be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.[3] The United States may not be sued without its consent. *Terry v. Director, EEOC*, 21 F.Supp.2d 566, 569 (E.D.Va.1998) (citing *United States v. Lee*, 106 U.S. 196, 205, 1 S.Ct. 240, 27 L.Ed. 171 (1882)). The United States may be sued only to the extent that it has waived sovereign immunity by enacting a specific statute consenting to suit. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The plaintiff bears the burden of demonstrating an unequivocal waiver of sovereign immunity. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995). Where no waiver of sovereign immunity has been shown by the plaintiff, a federal court lacks jurisdiction to entertain the case. *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir.1998).

 Plaintiff had failed to demonstrate that the United States has waived sovereign immunity such that plaintiff may sue HHS. She has pointed to no specific statute where the United States has consented to suit from plaintiffs such as herself. Title VII's waiver of sovereign immunity is not applicable, for Congress only authorizes suit against the United States by individuals who are federal employees or applicants for federal employment, and plaintiff does not fall within either of these categories. *See* 42 U.S.C. §§ 2000e(b), 2000e–16(a) and (c). Nor does the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, constitute a waiver of sovereign immunity. *See Ocean Breeze Festival Park, Inc. v. Reich*, 853 F.Supp. 906 (E.D.Va. 1994), affirmed, 96 F.3d 1440 (4th Cir. 1996). Further, the Declaratory Judgment Act is not an independent source of jurisdiction, and does not create or confer

**3.** Plaintiff's Second Amended Complaint is far from clear. As such, the Court is unable to ascertain exactly which claims plaintiff asserts against HHS. Plaintiff may be asserting claims against HHS pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. Plaintiff's Second Amended Complaint contains averments to the effect that "Defendants" were aware of the alleged discrimination against plaintiff, could have prevented it by reasonable diligence but neglected or refused to do so, and are jointly and severally liable "based on the master-servant theory." The averments do not specify to which of the named defendants plaintiff is referring. To the extent plaintiff is claiming any HHS tort liability, her claim fails.

federal subject matter jurisdiction over an action that would not normally come within the federal court's original jurisdiction. *Monticello Ins. Co. v. Baecher*, 857 F.Supp. 1145 (E.D.Va.1994).

Finally, to the extent plaintiff raises tort claims against HHS, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, contains a limited waiver of the United States' sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment. 28 U.S.C. § 1346(b). An "'employee of the government' includes officers or employees of any federal agency, ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States." 28 U.S.C. § 2671. The term "federal agency" explicitly excludes "any contractor with the United States." *Id.*

 Quin Rivers is not a federal agency, and its employees are not federal employees for purposes of the FTCA. *See United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Whether a person is an employee or a contractor for purposes of the FTCA is determined under federal law. *See Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). In *Logue*, the Supreme Court read the contractor exemption as incorporating the common law distinction between contractors and employees or agents. This distinction turns primarily on "the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." *Id.* at 527, 93 S.Ct. 2215. Application of the test developed in *Logue* to the instant case reveals that for purposes of the FTCA, Quin Rivers' employees are not federal employees. Plaintiff has not alleged that HHS has sufficient control or supervisory responsibilities over Quin Rivers or its employees; nor do federal regulations provide for such control or supervision by HHS. There is no employment relationship whatsoever between HHS and Quin Rivers, notwithstanding Quin Rivers' receipt of federal funding from HHS and its accountability to HHS for compliance with Head Start standards and regulations.

Based on the foregoing, plaintiff has failed to satisfy her burden that the United States has waived its sovereign immunity such that plaintiff may sue HHS. As such, plaintiff's claims against HHS based on tort liability and the doctrine of respondeat superior are dismissed with prejudice.

**D. Claims Against the Policy Council, the Board of Directors, and the Head Start Program**

 Next, to the extent that plaintiff alleges any claims against the Policy Council, the Board of Directors, or the Head Start Program, all claims are dismissed with prejudice because these entities lack standing to be sued. The Policy Council and the Board of Directors are merely organizational arms of a corporation. The constituent elements of a corporation may not be held separately liable from the corporation for the alleged employment discrimination of the corporation. Although an employer may be subject to vicarious liability for the discriminatory conduct of its supervisors, advisory councils and other subparts of the corporate employer may not be held separately liable for their conduct as constituent members of the corporation. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.1994); *Lissau v. Southern Food Serv. Inc.*, 159 F.3d 177 (4th Cir.1998). Further, the Head Start Program is merely a program, which is not an employer and does not discriminate. As such, the Policy Council, Board of Directors, and Head Start Program, are not legal entities that are subject to suit in this case. All claims against these entities are dismissed with prejudice.

## E. Claims Pursuant to 42 U.S.C. § 1981

Finally, the Court addresses any claims under 42 U.S.C. § 1981.[4] Plaintiff does not specify against which defendants she seeks such relief under this provision. Based on the allegations set forth in her complaint, plaintiff may proceed with her § 1981 claims only against Quin Rivers, Ms. Ware, and Ms. Greenidge, for these are the only defendants against whom plaintiff has sufficiently stated a claim pursuant to 42 U.S.C. § 1981.

An individual may be liable under § 1981 for intentional discrimination. *See Lee v. Albemarle County School Board,* 648 F.Supp. 744, 749 (W.D.Va.1986) (citing *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)). A plaintiff suing under 42 U.S.C. § 1981 must allege intentional discrimination to survive a motion to dismiss. Plaintiff's Second Amended Complaint alleges intentional discrimination only against the Executive Director (Ms. Ware) and the Head Start Director (Ms. Greenidge). Sec. Am. Compl. at ¶ 5, 6, 7, 8. Plaintiff claims this discrimination was ratified by the Policy Council and the Board of Directors, but these entities are not subject to suit for discrimination. Plaintiff has not alleged that any HHS actor engaged in discriminatory conduct toward her. As such, plaintiff has not stated a § 1981 claim against HHS.

## F. State Law Claims

Defendants have not disputed that the state and federal claims derive from "a common nucleus of operative fact" such that the Court may exercise pendant jurisdiction over plaintiff's state claims. However, the Court exercises its discretion and dismisses plaintiff's state law claims without prejudice, leaving plaintiff the option to pursue these claims in state court. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right."). It is appropriate for the Court to decline to exercise pendent jurisdiction where state law issues will substantially predominate federal issues, "whether in terms of proof, of the scope of issues raised, or of the comprehensiveness of the remedy sought." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (citing *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130). In the instant case, plaintiff's state law claims would be pendent to her discrimination claims under federal law "much as a dog is pendent to its tail." *Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744, 749 (E.D.Va. 1991) (citations omitted). The only remaining claims under federal law are plaintiff's claims of discrimination under Title VII, the ADEA, and 42 U.S.C. § 1981. Plaintiff's claims for negligent hiring and supervision would require proof of facts unrelated to any of defendants' alleged discrimination, and there is a substantial likelihood of jury confusion were the state and federal claims are to be tried together. As such, the Court dismisses plaintiff's claims under state law without prejudice.

## III. Conclusion

Based on the foregoing, the following claims are dismissed with prejudice: (1) plaintiff's Title VII and ADEA claims against all defendants other than Quin Rivers; (2) plaintiff's Title VII claims of gender discrimination against Quin Rivers; (3) all claims alleging violations of federal regulations governing the Head Start Act and the award of grants; (4) all claims against HHS; and (5) any remaining claims against the Policy Board and the Board of Directors. Plaintiff's state law claims are dismissed without prejudice. Those claims that survive are plaintiff's Title VII and ADEA claims of discrimination based on age and race against Quin Rivers, and

---

**4.** The Court is not entirely certain that plaintiff seeks relief under 42 U.S.C. § 1981, for while plaintiff refers to this provision one time in her Second Amended Complaint, she does not specifically set forth any claims pursuant to § 1981.

plaintiff's § 1981 claims against Quin Rivers, Ms. Ware, and Ms. Greenidge.

## ORDER

This matter is before the Court on the defendants' motion for judgment on the pleadings and motion to dismiss, pursuant to Rule 12(c) and Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons stated in the accompanying Memorandum Opinion, these motions are GRANTED. All claims against United States Department of Health and Human Services' are DISMISSED WITH PREJUDICE. In addition, the following claims are DISMISSED WITH PREJUDICE: (1) Plaintiff's Title VII and ADEA claims against all defendants other than Quin Rivers Agency for Community Action; (2) Plaintiff's Title VII claims of gender discrimination against Quin Rivers Agency for Community Action; (3) all claims alleging violations of federal regulations governing the Head Start Act and the award of grants; and (4) any remaining claims against the Policy Board and the Board of Directors. Finally, Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE. Those claims that survive are Plaintiff's Title VII and ADEA claims of discrimination based on age and race against Quin Rivers Agency for Community Action, and Plaintiff's § 1981 claims against Quin Rivers Agency for Community Action, Ms. Ware, and Ms. Greenidge.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.